ON WRIT OF CERTIORARI TO THE FIFTH CIRCUIT COURT OF APPEAL, PARISH OF JEFFERSON PER CURIAM: hWrit granted. The court of appeal’s ruling is reversed and the district court’s ruling dismissing relator’s application for post-conviction relief as untimely pursuant to La.C.Cr.P. art. 930.8 is reinstated.' Though this court issued an order denying relator’s writ after the court of appeal affirmed his convictions and sentences on direct review, see State ex rel. Ohlsson v. State, 13-1583 (La. 1/17/14), 130 So.3d 343, his writ was nonetheless untimely pursuant to La.S.Ct.R. X, § 6(a). In accordance with La.C.Cr.P. art. 922,' his convictions and sentences became final 14 days after the Fifth Circuit affirmed them in State v. Ohlsson, 12-0708 (La. App. 5 Cir. 4/24/13), 115 So.3d 54. See, e.g., State v. Jones, 04-0879 (La. 11/15/04), 888 So.2d 766. Relator then had two years, or until' May 8, 2015, to file any claims for post-conviction relief in the district court. Instead, he waited until 2016. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-laconviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4' and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this‘'denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.